## Reynolds Appeal

*McWilliams, Margolis & Coopersmith,* for appellants.

*Philip A. Lopresti,* for appellee.

GRIFFITH, J., January 20, 1959.—Appellants, professional employes of the Greater Conemaugh Joint School District, claimed additional compensation at the rate of $200 per annum which was denied by the joint school board. Thereupon, they took an appeal to the Superintendent of Public Instruction who affirmed the decision of the joint school board. Subsequently an appeal from the order of the Superintendent of Public Instruction was taken to this court.

Appellants had been professional employes of the Conemaugh Township School District prior to the date of the merger of that school district with the East Conemaugh Borough School District, thus forming the Greater Conemaugh Joint School District.

On February 28, 1955, at a meeting of the Conemaugh Township School District, a resolution was adopted authorizing a jointure with the School District of East Conemaugh Borough. At the same meeting, but subsequently, a resolution was adopted fixing the salaries of appellants for the school year, 1955-1956, to commence July 1, 1955, at an increase of $200 in addition to the mandatory increment.

On March 11, 1955, the jointure agreement between the borough and the township school district was signed. This agreement provided that all professional employes should retain their status "without any salary decrease".

On March 25, 1955, in spite of the prior execution of the jointure agreement which provided that the joint school board should have control of all professional employes, the township board alone issued contracts to appellants increasing their salary by $200 per annum.

On July 5, 1955, the joint school board authorized a $200 cost of living bonus to all professional employes of the joint school district including appellants as well as those who had been employed by the borough school district prior to the jointure.

On July 25, 1955, contracts were issued to appellants and all other employes of the joint school district whereby appellants received the $200 cost of living bonus in addition to the mandatory increment. A similar bonus was granted to appellants and the other professional employes for the succeeding school year.

Appellants now contend that the stipulation contained in the jointure contract to the effect that all professional employes should retain their status "without any salary decrease" should be interpreted to mean that the joint school board has agreed to pay the same salaries to appellants that the township school board

had agreed to pay plus the increase granted by the joint school board. In our opinion this contention cannot be sustained. We believe that the meaning of this language is that appellants should suffer no decrease of any salary which the township school board had legally contracted to pay them. Having previously agreed to a jointure with the borough school district, the township board could not make a legally binding contract to pay appellants the additional $200 per annum referred to in the resolution of the township board, dated February 28, 1955. This for the following reasons: (1) The township board had previously agreed to a jointure; and (2) the township board had actually executed the jointure contract on March 11, 1955, before it issued, on March 25, 1955, the contracts with appellants purporting to grant them a $200 increase. A glance at the chronology above recited would indicate that the township board attempted to obtain for the professional employes of the township school district an advantage over the professional employes of the borough school district by passing a resolution for salary increase later in the same meeting at which the township board agreed to the jointure. In our opinion this was ineffective.

Appellants suggest that if they had remained in the township's employ, that is if there had been no jointure, they would have been able to compel the township board to pay the $200 increase referred to in the resolution of February 28, 1955. This is correct. But the township board did enter into the jointure. It passed a resolution to that effect on February 28, 1955, prior to granting the salary increase and it actually signed the contract of jointure prior to issuing the contracts to appellants reflecting the increase. Certainly, after signing the jointure contract, the township board had no power to issue employment contracts

to employes of the joint school district. It is clear that the contracts issued by the joint school board on July 25, 1955, containing an increase of $200 per annum was not an adoption by the joint school board of the resolution of the township board granting an increase in a similar amount. A brief glance at the record shows that the $200 increase reflected in the contract of July 25, 1955, was a cost of living bonus granted to the former professional employes of the borough school district as well as the former professional employes of the township school district and that the former employes of the township school district are entitled to nothing in addition.

Certainly appellants have not suffered a "demotion" as contended. They received not only the salary they received for the prior year but also the mandatory increment and the $200 cost of living bonus. Moreover, the resolution of the joint school board creating the cost of living bonus was passed on July 5, 1955, prior to the time appellants signed their salary contracts with the joint school board. We agree with the reasoning in the opinion of the Superintendent of Public Instruction that: ". . . appellants, therefore, had full knowledge of all the circumstances when they agreed to the compensation recited therein. On signing the above agreement, the board thus became bound only to pay the amount stated, and appellants were only entitled to demand the bargain for which they contracted, and no more." We, therefore, enter the following

### Decree

And now, January 20, 1959, at 9 a.m., after argument and upon due consideration the appeal is dismissed at the cost of appellants and the order of the Superintendent of Public Instruction sustaining the decision of the Greater Conemaugh Joint School Board is affirmed.